Weygandt, C. J.
The sole question now before this court is procedural and involves the appealability of the order of the Court of Probate vacating its prior journal entry and order authorizing and approving the settlement of the minor’s claim.
Was the Court of Appeals in error in holding that the granting of the petition to vacate by the Court of Probate is not a final order from which an appeal can be. perfected!
Section 2505.02, Revised Code, reads in part as follows:
“An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial.” (Italics supplied.)
Reliance is placed on the unanimous decision of this court in the ease of In re Estate of Wyckoff, 166 Ohio St., 354, 142 N. E. (2d), 660, in which the syllabus reads as follows:
“1. The hearing of an application to the Probate Court under Section 2117.07, Revised Code, for authority to present a claim to the administrator of a decedent’s estate more than four months after his appointment is a special proceeding within the meaning of that term as used in Section 2505.02, Revised Code.
“2. An order granting such authority is one affecting a substantial right, and, where a record is made in such special proceeding, the order is properly appealable on questions of law to the Court of Appeals.”
*96 In his opinion in that case, Zimmerman, J., quoted the following pertinent language from the opinion of Spear, J., in the earlier decision of this court in the case of Missionary Society of M. E. Church v. Ely, 56 Ohio St., 405, 47 N. E., 537, defining a special proceeding:
“Our Code does not, as does the Code of New York, specify that every remedy which is not an action is a special proceeding, nor does [sic] our statutes give any definition of an action or a special proceeding. But we suppose that any' ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or order, is a special proceeding.”
In the instant case the proceeding to vacate the order authorizing and approving the settlement of the tort claim clearly is a special proceeding.
Does the order of the Court of Probate vacating its prior order affect a substantial right?
That this question must be answered in the affirmative is demonstrated by a mere restatement of the simple facts. When an effort was made to accomplish a settlement of the claim of the minor for damages resulting from injuries to her person, an offer of $1,500 was made and accepted. The Court of Probate found that such a settlement would be for the best interests of the minor, and the arrangement was approved and the money paid. Subsequently that court found to the contrary that the settlement ‘ ‘ was not made in the best interests of said minor and was not proper in the premises.” This leaves the controversy in a state of utter confusion with the court having made two contrary findings, with the tort-feasors having paid the sum of $1,500 and holding a release in full settlement, and with the minor’s guardian still in possession of the $1,500 and yet insisting that the settlement is invalid by reason of misrepresentation and fraud. Hence, it is readily apparent that all the parties have substantial rights at stake.
Perhaps it should be emphasized that this court expresses *97 no opinion as to the correctness of the Court of Probate in vacating its former order. The Court of Appeals merely dismissed the appeal without giving consideration to the merits of the controversy. This was error. Therefore the cause is remanded to the Court of Appeals for a determination of the substantive questions presented by the appeal.

Judgment reversed.

Zimmerman, Taft, Matthias, Bell, Herbert and Peck, JJ., concur.